Aijun Zhang, Ca. Bar No. 222326
Law Offices of Aijun Zhang
17890 Castleton Street, Suite 304
City of Industry, Ca 91748
Tel.: 626-964-1830 / Fax: 626-964-1981
aijun0zhang@yahoo.com
Attorney for defendants
Syke Footwear Corp., erroneously sued as Syke Footwear Inc.
Wei Ju

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYKE FOOTWEAR INC., a California Corporation; WEI JU, an individual and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-2650-MRW<br><br>DEFENDANTS SYKE FOOTWEAR CORP., ERRONEOUSLY SUED AS SYKE FOOTWEAR INC. AND WEI JU'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; AND<br><br>DEMAND FOR JURY TRIAL |

Answer                                                              1

## I. ANSWER

Defendants Syke Footwear Corp., erroneously sued as Syke Footwear Inc., a California Corporation and Wei Ju, an individual (collectively "Defendants") answer the Complaint of plaintiff Deckers Outdoor Corporation, a Delaware Corporation ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1. The allegations of Paragraph 1 contain a legal conclusion to which no response is necessary. Defendants admit that this action purports to invoke trade tress infringement and unfair competition claims under the Lanham Act, patent infringement claims arising under the Patent Laws of the United States, and related claims of unfair competition under the statutory and common law of the state of California. Defendants admit that the Complaint purports to allege claims over which this Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338. Except as so admitted, defendants deny the remaining allegations of Paragraph 1 of the Complaint. Defendants deny that they have infringed the patent asserted by plaintiff and further deny the validity or enforceability of the patents asserted by plaintiff. Defendants further deny that they have infringed plaintiff's trade dress.

2. Admit.

3. Admit that venue is proper in this judicial district. Except as so admitted, defendants deny the remaining allegations of Paragraph 3 of the Complaint.

## THE PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore deny the same.

5. Admit that Syke Footwear Corp. is a corporation duly organized and existing under the laws of the state of California with an office and principle place of

business at 1935 Santa Anita Ave., South El Monte, California. Defendants believe that Syke Footwear Corp. is erroneously sued as Syke Footwear Inc.

6. Admit that Wei Ju domiciled in this judicial district and is an officer and director of Syke Footwear Corp. Deny the remaining allegations of Paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint and therefore deny the same.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

A. Deckers' UGG® Brand, Bailey Button Boot Trade Dress and Baily Button Design Patents

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint and therefore deny the same.

18. Admit that U.S. Patent No. D599,999, on its face, is entitled "PORTION OF A FOOTWEAR UPPER" and bears an issuance date of September 15, 2009. Admit that U.S. Patent No. D616,189, on its face, is entitled "PORTION OF A FOOTWEAR UPPER" and bears an issuance date of May 25, 2010. Further admit that what appears to be a copy of the D599,999 patent and D616,189 patent was attached to the Complaint as Exhibit 1. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 18 of the Complaint and therefore deny them.

19. Admit that the copy of the D599,999 patent and D616,189 patent attached to the Complaint as Exhibit 1, on its face, shows Deckers Outdoor Corporation as assignee. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 19 of the Complaint and therefore deny them.

B. **Defendants' Infringement of the Bailey Button Boot Trade Dress and Bailey Button Design Patents**

20. Deny.

21. Deny.

22. Admit that defendant Wei Ju is an officer and director of Syke Footwear Corp. Deny the remaining allegations of Paragraph 22 of the Complaint.

23. Admit that Deckers has not grant any license or any other form of permission to defendants. Deny that the Bailey Button Boot Trade Dress alleged in the complaint is protectable trade dress. Further deny the Bailey Button Design Patents alleged in the Complaint is valid and enforceable.

24. Deny.

25. Deny.

26. Deny.

## FIRST CLAIM FOR RELIEF
## Trade Dress Infringement

27. Defendants incorporate their answer to the allegations of Paragraphs 1-26 of the Complaint as though fully set forth herein.

28. Deny.

29. Deny.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore deny them.

31. Deny.

32. Deny.

33. Admit that Deckers has not grant any license or any other form of permission to defendants. Deny that the Bailey Button Boot Trade Dress alleged in the complaint is protectable trade dress. Further deny the Bailey Button Design

Patents alleged in the Complaint is valid and enforceable. Further deny the remaining allegations in Paragraph 33.

34. Deny.

35. Deny.

36. The allegations of Paragraph 36 contain a legal conclusion to which no response is necessary. Deny the allegations asserted in Paragraph 36.

## SECOND CLAIM FOR RELIEF
## (False Designation of Origin and False Description)

37. Defendants incorporate their answer to the allegations of Paragraphs 1-36 of the Complaint as though fully set forth herein.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Admit plaintiff didn't grant defendants permission or authority. Deny the remaining allegations of Paragraph 42.

43. Deny.

44. Deny.

45. The allegations of Paragraph 45 contain a legal conclusion to which no response is necessary. Further, defendants deny the allegations in Paragraph 45.

## THIRD CLAIM FOR RELIEF
## (Federal Unfair Competition)

46. Defendants incorporate their answer to the allegations of Paragraphs 1-45 of the Complaint as though fully set forth herein.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and therefore deny them.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and therefore deny them.

49. Deny that defendants produced, distributed, advertised and offered for sale "Infringing Products". Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the Complaint and therefore deny them.

50. Deny.

51. Admit that plaintiff didn't give defendants any permission or authority. Deny the remaining allegations of Paragraph 51.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. The allegations of Paragraph 56 contain a legal conclusion to which no response is necessary. Deny the remaining allegations in Paragraph 56.

## FOURTH CLAIM FOR RELIEF
## (Patent Infringement – 35 U.S.C. §271)

57. Defendants incorporate their answer to the allegations of Paragraphs 1-56 of the Complaint as though fully set forth herein.

58. Admit that the copy of the D599,999 patent and D616,189 patent attached to the Complaint as Exhibit 1, on its face, shows Deckers Outdoor Corporation as assignee. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 58 of the Complaint and therefore deny them.

59. Deny.

60. Admit that plaintiff didn't give defendants any permission or authority to use Bailey Button Design Patents. Deny the remaining allegations of Paragraph 60.

61. Deny.

62. Deny.

63. Deny.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 64 of the Complaint and therefore deny them.

65. Deny.

66. Deny.

67. The allegations of Paragraph 67 contain a legal conclusion to which no response is necessary. Defendants further deny the allegations of Paragraph 67.

## FIFTH CLAIM FOR RELIEF
### (Unfair Competition Under California Common Law)

68. Defendants incorporate their answer to the allegations of Paragraphs 1-67 of the Complaint as though fully set forth herein.

69. Deny that defendants infringed plaintiff's Bailey Button Boot Trade Dress and Bailey Button Design Patents. Deny the remaining allegations of Paragraph 69 of the Complaint.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for the Plaintiff brand" and therefore deny them. Deny the remaining allegations of Paragraph 70 of the Complaint.

71. Deny.

72. Deny.

73. Deny.

74. The allegations of Paragraph 74 contain a legal conclusion to which no response is necessary. Defendants further deny the allegations of Paragraph 74.

75. The allegations of Paragraph 75 contain a legal conclusion to which no response is necessary. Defendants further deny the allegations of Paragraph 75.

## PRAYS FOR RELIEF

These paragraphs set forth the statement of relief requested by plaintiff to which no response is required. Defendants deny that plaintiffs are entitled to any of the requested relief, deny that plaintiffs are entitled to a judgment or to any of the relief requested in paragraphs 1 to 12, and further deny any allegations contained in the Prayer for Relief to which a response is required.

These answering defendants deny each and every allegation of the Complaint against them not specifically admitted or otherwise responded above. They specifically deny that they have infringed or are liable for infringement of any valid and enforceable patents of plaintiff. They specifically deny that they have infringed or are liable for infringement of any valid and enforceable trade dress of plaintiff. They further specifically deny that plaintiff is entitled to any relief whatsoever of any kind against defendants as a result of any act of defendants or any person or entity acting on behalf of defendants.

## DEMAND FOR JURY TRIAL

Plaintiff's demand that all issues be determined by a jury trial does not state any allegation, and defendants are not required to respond. To the extent that any allegations are included in the demand, defendants deny these allegations.

## II. AFFIRMATIVE DEFENSES

### First Defense – Failure to State a Claim

1. Each cause of action in the Complaint fails to state facts sufficient to constitute a cause of action against these answering defendants.

### Second Defense – No Patent Infringement

2. Defendants do not infringe and have not infringed, directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of U.S. Patent Nos. D599,999 and D616,189 ("collectively "the Patents-in-Suit").

### Third Defense – Patent Invalidity

3. Each of the Patents-in-Suit is invalid for failure to meet one or more of the "conditions for patentability" specified in Title 35 of the United States Code, including but not limited to, 35 U.S.C.§§101, 102, 103, 112, and/or 171.

### Fourth Defense – Waiver, Estoppel, Laches

4. Upon information and belief, each of the Patents-in-Suit is unenforceable because plaintiff's acts and/or omissions were such that it was reasonable to infer that plaintiff did not intend to enforce their patents, waived their rights to claims, or are barred by estoppel or laches, and defendants will be materially prejudiced if plaintiffs are allowed to proceed with their claim.

### Fifth Defense – Substantial Non-Infringing Uses

5. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the asserted claims of the Patents-in-Suit.

### Sixth Defense – Functional

6. Upon information and belief, defendants allege that the trade dress alleged in the complaint serves a utility or function for the alleged goods and therefore is not entitled to protection.

### Seventh Defense – Limitation on Patent Damages

7. Damages alleged by plaintiffs, if any, against these answering defendants are limited by 35 U.S.C.§§286, 287 and 288.

### Eighth Defense – Lack of Distinctiveness

8. Upon information and belief, defendants allege that the trade dress alleged in the Complaint is not distinctive.

### Ninth Defense – Adequate Remedy at Law

9. Plaintiffs have not suffered any irreparable injury, and have an adequate remedy at law, and are not entitled to injunctive relief.

### Reservation of Additional Defenses

10. Defendants reserve the right to assert additional defenses.

## III. PRAYER FOR RELIEF

WHEREFORE, defendants pray for judgment as follows:

a. The Complaint be dismissed with prejudice and plaintiff take nothing by their complaint;

b. That defendants be awarded the costs and reasonable attorney fees allowable by any applicable contract or law incurred in defense of this action; and

c. That defendants be awarded such other and further relief as the Court deems just and proper.

Dated: September 10, 2014           Law Offices of Aijun Zhang

By:   /Aijun Zhang/
Aijun Zhang
Attorneys for Defendants Syke Footwear Corp. and Wei Ju

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 3-6(a), defendants Syke Footwear Corp. and Wei Ju respectfully demand a jury trial of all issues triable to a jury in this action.

                                          Respectfully submitted,

September 10, 2014        LAW OFFICES OF AIJUN ZHANG

                                      By:        /Aijun Zhang/

                                                  Aijun Zhang

                                Attorneys for Defendants Syke Footwear Corp. and Wei Ju